## FEDERAL OPINIONS
### Epitomized Cases

No. 599

ISRAEL et v. UNITED STATES

U. S. Appeals, 6 Circuit

No. 4090. Decided Feb. 3, 1925

288. CONSPIRACY—One may be guilty of, though not capable of committing the crime itself.

255. CHARGE TO JURY—Court expressing himself as not in favor of its disagreeing and as to desirability of verdict not ground for reversal.

1162. TESTIMONY—Of wife of one defendant, for benefit of co-defendants held incompetent if said testimony is beneficial to husband.

KNAPPEN, C. J.

Charles Israel and Morris Sussman were convicted of conspiracy to conceal goods belonging to Israel's bankrupt estate, from the trustee in bankruptcy. The government introduced evidence which tended to show that Israel had shipped goods to Sussman in another state, and charged that Israel had made fictitious entries in his books so as to explain away the missing goods and merchandise. Demurrers and a motion to quash the indictment were overruled as was also a motion by Israel for a directed verdict, and in the District Court for the Southern District of Ohio, Israel was convicted of the crime charged in the indictment.

Error was prosecuted and Israel contended that the Court erred in excluding evidence, that his wife was not permitted to testify, which was error; and the court, in making remarks to the jury about the desirability of a verdict and his disfavor of disagreements. It was also contended that Sussman not being a bankrupt could not violate the Bankruptcy Act as charged. The U. S. Appeals held:

1. The rejection of testimony showing that Sussman has instituted a replevin suit was not prejudicial as it was not shown to be material.

2. The testimony of Israel's wife was rejected as incompetent. It was urged that she testified for Israel's co-defendants. The rejection was proper for the wife of one of several defendants is not a competent witness for the defense in a criminal trial.

3. The court's remarks relating to the undesirability of a disagreement and the desirability of a verdict was well within the judicial discretion of the trial judge.

4. A person may be guilty of conspiring to commit, although incapable of committing the substantive offense. Therefore, Sussman was guilty of conspiracy even though he himself was not bankrupt. Judgment of the District Court is affirmed.

Attorneys—Allen C. Roudebush, Edward M. Hurley, Cincinnati, for Israel; Benson W. Hough, U. S. Atty., Columbus, Harry A. Abrams and Haveth E. Mau, Asst. U. S. Attys., Cincinnati, for United States.

---

No. 600

PRICE v. RUSSELL, et al.

District Court, N. D. Ohio, W. D.

No. 430. Decided Feb. 5, 1924.

661. INTOXICATING LIQUORS.—Limitation of quantity of liquor which physician may prescribe held constitutional and valid.

KILLITS, D. J.

Price, a physician, brought an action in Federal Court to restrain one Russell, Federal Prohibition Director, from applying to him the limitations of Section 7, title 2 of the Federal Prohibition Act (Comp St. Ann. Supp. 1923 Par. 10, 138¼). The complainant claimed that he, as a physician, had a duty in his profession to advise medicines and to apply medical treatment, which in his opinion was calculated to meet the requirements of his respective patients and that intoxicating liquors were necessary for such treatment in certain cases. He further claimed that the prohibition or limitation placed upon the use of intoxicating liquors under the Federal Act was unconstitutional.

The language of Section 7, title 2 which was in question reads as follows: "Not more than a pint of spirtous liquor to be taken internally shall be prescribed for use by the same person within a period of ten days." The question presented to the Court for its consideration was: "Has Congress, legislating under the 18th Amendment, the power to limit the amount of intoxicating liquor or the alcoholic content thereof, which a physician in good faith, in the regular exercise of the profession, deems necessary for a patient's internal use?" In holding the requirement constitutional, the court held:

1. The provisions of National Prohibition Act, tit. 2 par. 7 (Comp. St. Ann. Supp. 1923, 10138½cc), limiting the quantity of liquor to be taken internally that may be prescribed by a physician for the same person within a period of 10 days, apply only to "beverage" liquor, and as so limited are within the police powers conferred on Congress by the Eighteenth Amendment, and valid.

Attorneys:—Chas. R. Barefoot, for Price; A. E. Bernsteen, and George E. Reed, for Russell, et al.